Joshua Trigsted (13126)
Trigsted Law Group, P.C.
5200 SW Meadows Rd, Ste 150
Lake Oswego, OR 97035
503-376-6774, ext. # 216
866-927-5826 facsimile
jtrigsted@attorneysforconsumers.com
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SUE MADDELEIN, | **COMPLAINT** |
| Plaintiff, | |
| v. | Case Number: 1:11-cv-00067-BCW |
| BONNEVILLE BILLING AND COLLECTIONS, INC., | |
| Defendant. | **JURY TRIAL DEMANDED** |

## I. INTRODUCTION

1.      This is an action for damages brought by an individual consumer for Defendant's violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA").

## II. JURISDICTION

2.      Plaintiff's claim for violations of the FDCPA arises under 15 U.S.C. § 1692k(d), and therefore involves a "federal question" pursuant to 28 USC § 1331.

## III. PARTIES

3.      Plaintiff, Sue Maddelein ("Plaintiff"), is a natural person residing in Fremont County, Wyoming.

4.      Defendant, Bonneville Billing and Collections, Inc., ("Defendant") is a corporation engaged in the business of collecting debts by use of the mails and telephone. Defendant regularly attempts to collect debts alleged due another.  Defendant's principal place of business is located in Weber County, Utah.

## IV.  FACTUAL ALLEGATIONS

5.      Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

6.      Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7.      All activities of Defendant set out herein were undertaken in connection with the collection of a "debt," as defined by 15 USC § 1692a(5).

8.      Within the last year, Defendant took multiple actions in an attempt to collect a debt from Plaintiff. Defendant's conduct violated the FDCPA in multiple ways, including the following.

9.      Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof, including failing to effectively convey the identity of the current creditor in the initial communication to Plaintiff (§ 1692g(a)).

10.     Falsely representing the character, amount, or legal status of Plaintiff's debt, including falsely stating to Plaintiff over the phone that she originally owed $3000 on the debt and falsely stating that the difference between the $291.60 balance stated by the original creditor on December 8, 2009, and the $979.80 balance stated by the original creditor on October 12, 2010, was due to collection fees.  Finally, it was a false statement for Defendant to state the Plaintiff owes any debt, because Plaintiff paid the balance stated on December 8, 2009, in full

via several checks, the last one of which was written for $50 in May, 2010, and which included a "paid in full" statement by Plaintiff (§ 1692e(2)(A)).

11.     As a result of the aforementioned violations, Plaintiff suffered and continues to suffer injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

12.     Defendant intended to cause, by means of the actions detailed above, injuries to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and severe emotional distress.

13.     Defendant's actions, detailed above, were undertaken with extraordinary disregard of, or indifference to, known or highly probable risks to purported debtors.

14.     To the extent Defendant's actions, detailed in the preceding paragraphs, were carried out by an employee of Defendant, that employee was acting within the scope of his or her employment.

### COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

15.     Plaintiff reincorporates by reference all of the preceding paragraphs.

16.     The preceding paragraphs state a *prima facie* case for Plaintiff and against Defendant for violations of the FDCPA, §§ 1692e and 1692g.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.     Declaratory judgment that Defendant's conduct violated the FDCPA;

B.     Actual damages pursuant to 15 USC 1692k;

3

C.      Statutory damages pursuant to 15 U.S.C. § 1692k;

D.      Costs, disbursements and reasonable attorney's fees for all successful claims, and any unsuccessful claims arising out of the same transaction or occurrence as the successful claims, pursuant to 15 U.S.C. § 1692k; and,

E.      For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Dated this 28th day of April, 2011.

TRIGSTED LAW GROUP, P.C.

_____
Joshua Trigsted
*Attorney for the Plaintiff*